UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>STEVE HOUCK    )<br>)<br>_____ ) | Crim. No.  07-199 (EGS)<br>Sentencing: July 24, 2008 |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, Steve Houck, through undersigned counsel, respectfully submits this supplemental pleading addressing the remaining Guideline dispute. [1]

**Procedural Background**

On July 2, 2007, following an undercover investigation by Detective Palchak of the Multi-jurisdictional ICAC Task Force, Mr. Houck was arrested on a criminal complaint charging him with attempt to entice a minor and transportation of child pornography.  He was ordered detained, and has remained at the D.C. Jail since his arrest.  On October 4, 2007, Mr. Houck entered a guilty plea to a criminal information which charged him with Transporting Child Pornography in violation of 18 U.S.C.§ 2252A(1).  Mr. Houck faces a mandatory minimum sentence of fifteen years (180 months), a maximum sentence of forty years incarceration, a minimum term of five years of supervised release and a maximum term of life.  Counsel believes that the applicable guideline range is 168 to 210 months, which is inclusive of the 180 month mandatory minimum sentence in this case.  Mr. Houck will also have to pay a special assessment

---

[1] Counsel is awaiting a couple of character letters, and will file a supplemental memorandum addressing 18 U.S.C. 3553(a) factors at least two weeks before the sentencing date.

of $100 dollars and is subject to a fine of up to $250,000.  Mr. Houck is scheduled to appear for sentencing on July 24, 2008.

### The Plea Agreement / Guideline Calculation / Sentencing Recommendation

Mr. Houck has been cooperative the entire time since his arrest.  He met with Detective Palchak and provided a video-taped statement the day of his arrest.  He promptly engaged in plea discussions with the government, and entered into a plea agreement early in the proceedings. No motions were ever filed, and no trial date was ever contemplated.  The guilty plea was the result of significant negotiations, which included a great deal of discussion regarding the advisory sentencing guideline calculation in the case.

The plea agreement included a guideline stipulation regarding the base offense level and four specific offense characteristics or enhancements that applied to his overall criminal conduct. See Plea Agreement at 3.  Under the plea agreement, the base offense level is 22, and the adjusted offense level is 35.  After the three level reduction for acceptance of responsibility, the total offense level is 32.  In addition to the specific offense characteristics in the plea agreement, the guidelines require a 2 level increase under U.S.S.G. § 2G2.2(b)(3)(F).  Thus the total offense level should be 34. Since Mr. Houck is a criminal history category II, the guideline range should be 168 to 210 months.   The parties further agreed that a guideline range "determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all the factors set forth in Title 18, United States Code, Section 3553(a)." See Plea Agreement at 3.  In other words, the government agreed that a sentence in the 168 to 210 month range would be a reasonable sentence.

Nevertheless, the Pre-Sentence Investigation Report (PSR) included a five point enhancement pursuant to USSG § 2G2.2(b)(3)(B). See PSR ¶ 21. As a result, the total offense level would be 37 and the guideline range would be 235 to 293 months, which is substantially higher than the guideline range the parties agreed is reasonable. In addition, the government now appears to suggest a sentence between 210 and 235 months, which is above the guideline range the government initially agreed was reasonable. See, Government Sentencing Memo at p. 14.

Counsel submits that the record does not support either the additional five level enhancement under U.S.S.G. § 2G2.2(b)(3)(B), or a sentence outside the 168 to 210 month guideline range. Counsel further contends requests that the court should impose the 180 month mandatory minimum sentence, which is toward the middle of the applicable guideline range. Such a sentence is sufficient, but not greater than necessary, to effectuate the enumerated goals of sentencing in Mr. Houck's case.

### Outstanding Objection To The Revised Pre-Sentence Report (PSR)

The only remaining Guidelines dispute concerns the PSR's recommendation for the five level enhancement under § 2G2.2(b)(3)(B). The enhancement is supposed to apply if a defendant distributed child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." PSR, ¶ 21. Application note 1 states that distribution for the receipt, or expectation of receipt, of a thing of value means:

> any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value but not for profit. "Thing of value" means anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the "thing of value" is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received.

U.S.S.G. § 2G2.2(b)(3)(B). In order for U.S.S.G. § 2G2.2(b)(3)(B) to apply, the distributor of child pornography must have "expect[ed]–rather than just hope[d]–to receive a thing of value" in return. United States v. Maneri, 353 F.3d 165, 168 (2d Cir. 2003).

The offense in this case is based on the fact that Mr. Houck sent child pornography to Detective Palchak during an on-line conversation on June 12, 2007, the day that Detective Palchak first met the defendant in an on-line chat room. Mr. Houck and Detective Palchak both assumed fictional roles during their on-line communications. Mr. Houck was "dad here" and later "Rick Martin", and claimed to have a teenage daughter. Detective Palchak talked about his purported relationship with a fictional crack head's ten year old daughter. At some point in the conversation Mr. Houck sent a pornographic image to the detective, although it is unclear when during the conversation that occurred. See Gov. Sent. Mem ¶ 14.

Mr. Houck objects to the application of the five-point enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B) because the transfer of the pornographic image to the detective was not "for the receipt, or expectation of receipt, of a thing of value". The issue in this case turns on whether Mr. Houck either received a thing of value, or *expected* to receive a thing of value, in exchange for distributing the pornographic image he sent to the detective. While there is not a great deal of case law clarifying the meaning of U.S.S.G. § 2G2.2(b)(3)(B), it is clear that there must be a real expectation that the person would receive a thing of value. It is not enough to merely hope to receive a thing of value. See, United States v. Maneri, 353 F.3d 165, 168 (2d

Cir. 2003).

Under the plain language of the guideline provision and commentary, as well as the relevant case law, there must be evidence that he "expected" a thing of value in exchange for the transfer of that image before the § 2G2.2(b)(3)(B) enhancement can apply. See, United States v. Maneri, Supra at 168.  The government, while conceding that there was no "explicit agreement between the defendant and Detective Palchak with respect to exchanging child pornography", suggests that the effort to see if the detective was acting in an undercover capacity would be sufficient. See Gov. Sent. Mem ¶¶ 15 - 16.  Defendant disagrees.  The record simply does not support a finding that the defendant expected anything of value in exchange for sending that photograph to the detective.

Specifically, the government contends that Mr. Houck wanted to exchange commitment pictures to see if Detective Palchak was "real", meaning he wanted to see if Detective Palchak was a law enforcement officer. See Gov. Sent. Mem ¶ 14.  That theory appears to be based on the detective's educated guess, and is therefore too speculative in any event.  However, even if the government is correct, the distribution of a pornographic image to see if the other person is a law enforcement officer does not satisfy the requirement that the transfer be in exchange for a thing of value, or the expectation of a thing of value.  Based on the plain language of the guideline, as well as the example given in the application notes, such a motivation would not trigger the enhancement.  The application notes suggest the most common non-pecuniary gain covered by this provision - exchange of additional pornographic images.  In addition, courts have recognized that a transfer of a pornographic image in an effort to seduce or entice a minor to have sex would also be considered a "thing of value" for purposes of this guideline provision.  See generally, United States v. Canada, 110 F.3d 260, 263 (5th Cir. 1997); United States v. Garrett,

190 F.3d 1220 (1st Cir. 1999).  However, counsel is unaware of any cases finding that the expectation of determining whether the other person is a law enforcement officer is a "thing of value" for purposes of this enhancement.

In short, counsel would note that the defendant had just met the detective on-line, and was obviously feeling him out.  He may have hoped for some undetermined thing of value at some point in the future, but there is insufficient evidence that he had the necessary *expectation* that he would receive a thing of value.  Moreover, the Statement of Facts, which was prepared by the government, and which the defendant acknowledged as part of the plea, does not support the enhancement.  Accordingly, the U.S.S.G. § 2G2.2(b)(3)(B) enhancement should not apply.  In the absence of the 5-point enhancement, Mr. Houck's Guideline range should be 168 to 210 months, based on a total offense Level of 34 and Criminal History Category II. [2]

**CONCLUSION**

Wherefore, for the foregoing reasons, undersigned counsel moves the Court to find that the appropriate sentencing guideline range is 168 to 210 months of imprisonment and that the imposition of the mandatory minimum 180 month sentence is sufficient but not greater than necessary to effectuate the goals of sentencing in this case.

Respectfully submitted,

/s/
Howard B. Katzoff (Bar # 348292)
717 D Street, NW Suite 310
Washington, D.C. 20004
(202) 783-6414
Attorney for Steve Houck

---

[2] Undersigned counsel agrees with the Probation Officer that if § 2G2.2(b)(3)(B) does not apply, then the two level enhancement pursuant to USSG § 2G2.2(b)(3)(F) must apply.  See PSR ¶ 22

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was electronically served on Patricia Stewart, Esquire, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530, and U.S Probation Officer Michael Pnenders, 333 Constitution Avenue, N.W., Washington, D.C. 20001, this  13th  day of    June   , 2008.

                                                         /s/
                                        Howard B. Katzoff