UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Criminal Case Number 07-0199(EGS) |
| : | |
| **STEVE R. HOUCK,** : | |
| : | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM
IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia respectfully submits this response to the defendant's Memorandum in Aid of Sentencing.

**Procedural Background**

1. The defendant was arrested on July 2, 2007 and charged by complaint with attempted enticement of a minor and transportation of child pornography. On October 4, 2007, in proceedings before Magistrate Judge Deborah A. Robinson, the defendant entered a pre-indictment plea of guilty to the charge of transportation of child pornography. Magistrate Judge Robinson indicated that she would recommend that this Court accept the plea.

2. This Court set a sentencing date of January 30, 2008 and the government and defendant's former counsel, Carlos Vanegas, Esquire, submitted memoranda in aid of sentencing. On the sentencing date, defendant's counsel indicated that defendant wished to withdraw his guilty plea and to obtain new counsel. The Court appointed present counsel who, after meeting with the defendant, subsequently advised the Court and the government that the defendant did not wish to withdraw his guilty plea. In anticipation of sentencing, present counsel submitted a

second memorandum in aid of sentencing on behalf of defendant.

**Government's Sentencing Recommendation**

3.  The government previously submitted a memorandum in aid of sentencing in which we set forth the government's position with respect to the advisory Guideline calculations, the sentencing factors set forth in 18 U.S.C. § 3553(a), and our recommendation with respect to sentencing. We hereby adopt and incorporate the recommendations and arguments made in our previously submitted memorandum except with respect to the applicability of the sentencing enhancement provided for in U.S.S.G § 2G2.2(b)(3)(B). In the case of that particular sentencing enhancement, we now join with the defendant in asking that it not be applied in this case.

**Sentencing Enhancement Pursuant Section 2G2.2(b)(3)(B).**

4.  Section 2G2.2(b)(3)(B) of the advisory Sentencing Guidelines provides for a five level increase to the offense level in cases in which the defendant distributed child pornography in the expectation of receiving a thing of value, but not pecuniary gain. As described in the government's sentencing memorandum, the defendant sent via the Internet a single image of child pornography to an undercover detective as what the defendant described as a "commitment picture", and in return, asked the detective to send an image of a nude child in which her genitalia would be visible. <u>Government's Memorandum in Aid of Sentencing</u> at pp. 6-7. Because the defendant sent the image via a method known as "Photo Share", the transcript of the on-line conversation between the defendant and the undercover officer does not reflect the exact point in the conversation during which it was sent.

5.  While we believe that it would not be error for the Court to apply the enhancement in light of the case law cited in our memorandum, upon consideration of the arguments set forth in

the sentencing memoranda submitted by both former and present defense counsel, we believe that the Court should not do so in this case for the following reasons. [1]

6. As we have noted previously, the determination as to whether the enhancement is applicable necessarily depends on the Court's reaching conclusions with respect to the defendant's state of mind. In this case where the defendant sent a single image to the undercover officer, the record upon which the Court would base that conclusion is limited. The record as it stands reflects the transmission of a single image, at a time which the undercover officer can approximate with reasonable certainty, but which we concede is necessarily not exact.

7. At the same time, the impact upon the defendant's potential sentence if the enhancement is applied is substantial. [2] Given the potential impact upon the defendant's sentence, and the need for the Court to make determinations with respect to the defendant's subjective intent upon the basis of a limited record, the government agrees that the enhancement should not be applied in calculating the defendant's sentencing guideline range.

**Summary**

8. The government's position with respect to sentencing remains otherwise unchanged. We recommend that the Court impose a sentence of between 180 and 210 months. For the reasons set forth in our previously submitted Memorandum in Aid of Sentencing, such a sentence is appropriate. It reflects the serious nature of the defendant's conduct; conduct that exploits and

---

[1] Former counsel submitted a sentencing memoranda on behalf of the defendant after the government's memoranda had been filed.

[2] As the parties have noted in their respective memoranda, the applicable advisory guideline range if the enhancement is not applied is 180 to 210 months incarceration; if the enhancement is applied the range increases to 235 to 293 months.

degrades children, and that is the driving force behind the production of child pornography and its attendant abuse of children. It also is a sentence that is necessary to protect the community from the defendant who has a history, not only of collecting and distributing child pornography, but of attempting to meet and engage in sexual conduct with young girls. For the same reasons, we urge the Court to impose a sentence of lifetime term of supervised release during which the defendant's conduct, including his Internet use, can be monitored and restricted.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney

BY:

    /s/
    PATRICIA STEWART
    Assistant United States Attorney
    D.C. Bar Number 358910
    555 4th Street, N.W. Room 4247
    Washington, D.C. 20350
    (202)514-7064
    Patricia.Stewart@usdoj.gov